## COVAR v. SALLAT.

1. A rehearing of the case of *Covar* v. *Sallat* (22 *S. C.*, 265) granted, certain exceptions properly before the court having been inadvertently overlooked.
2. Where an appeal was suspended so that appellant might move on Circuit for a new trial upon one of the issues involved, the result of which was to be certified to this court, until such certificate is furnished, the appeal cannot be heard on its merits.

This was a motion for the rehearing of the case of *Covar* v. *Sallat* (22 *S. C.*, 265), under the order permitting such motion to be found appended to the judgment then rendered.

*Mr. P. A. Emanuel,* for the motion.

*Mr. D. S. Henderson,* contra.

January 5, 1886. The opinion of the court was delivered by

Mr. Chief Justice Simpson. This is a petition for a rehearing of the above case by this court, on the ground that certain exceptions which the appellant had been allowed to add by way of amendment to those originally filed, had been overlooked by this court in the judgment recently rendered, and which judgment the petition seeks to open. On April 28, 1885, this court, after considering the petition, ordered it to be set down for argument on the first day assigned for the hearing of cases from the

second Circuit next ensuing.[1] This argument has been heard, and the court now being satisfied that the exceptions referred to in the petition were overlooked by this court in its recent judgment, deems it proper to open the same and to reinstate the case upon the docket.

It is not necessary here to explain how it was that these exceptions were overlooked. This has been done in the order of April 28, *supra,* wherein it appears also that the hearing of the appeal at the term of the court was premature, this court having granted an order on January 26, 1883, continuing the case, and suspending the appeal, with leave to the appellant to apply to the Circuit Court for a new trial of the question of the payment of the bond in suit, on the ground of after discovered evidence, requiring that the result of such application should be certified to this court, which order was not brought to the attention of the court, and which, if it had been brought to its attention, would certainly have prevented the hearing of the appeal, as is manifest from the ruling of the court when the original application to suspend the appeal, as to one of the points made in the case (to wit, payment of the bond), was made.

The order of January 26, 1883, hereinbefore referred to, having expressly required that the result of the application to the Circuit Court should be certified to this court, and no certificate having yet been filed as to whether the new trial granted has been had, nor if so, what was the result, and this court not yet being informed as to said result either by the certificate from the Circuit Court, as required by the order of January 26, 1883, or otherwise, and consequently the original appeal not being ripe for hearing, it must be reinstated under the order of January 26, 1883, awaiting the final result of the application for a new trial below.

And to this end it is the judgment of this court, that the judgment hereinbefore rendered in this case, dated February 27, 1885,[2] be set aside, and that the case be reinstated upon the docket of this court as if no appeal therein had been heard and such judgment had been rendered.

---

[1] See 22 *S. C.,* 273.          [2] See 22 *S. C.,* 268.